**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| AMERICAN NATIONAL INSURANCE COMPANY, a Texas Corporation, | No.   22-55208 |
| Plaintiff-Appellant, | D.C. No. 2:20-cv-08502-RGK-E |
| v. | |
| VARTAN AKOPYAN, Trustee of the Sogomon Akopyan Family Irrevocable Life Insurance Trust, | MEMORANDUM[*] |
| Defendant-Appellee, | |
| and | |
| DOES, 1 through 10, inclusive, | |
| Defendant. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted January 13, 2023[**]
Pasadena, California

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: WATFORD, FRIEDLAND, and BENNETT, Circuit Judges.
Dissent by Judge BENNETT.

Plaintiff-Appellant American National Insurance Company ("ANICO") appeals the district court's denial of its motion for attorney's fees, which ANICO filed after prevailing in a lawsuit against Defendant-Appellee Vartan Akopyan ("Vartan") involving his father's life insurance policy. Reviewing de novo because the fee question turns on issues of contract interpretation, *FDIC v. Lugli*, 813 F.2d 1030, 1034 (9th Cir. 1987), we affirm.

ANICO issued a life insurance policy to Sogomon Akopyan ("Sogomon"), which designated Sogomon's life insurance policy trust as the owner of the policy and Vartan as the successor trustee. After Sogomon died and his son Vartan submitted a claim for death benefits to ANICO, ANICO investigated and learned that Sogomon had concealed material facts about his health history when applying for the life insurance policy. ANICO therefore denied Vartan's claim and returned Sogomon's premium payments.

ANICO then sued for rescission of the policy and for declaratory relief. ANICO argued that it would not have issued the policy if the Akopyans had been truthful about Sogomon's health history. In response, Vartan filed counterclaims for breach of contract, breach of the covenant of good faith and fair dealing, and violation of California's unfair competition law. The district court granted summary judgment in favor of ANICO.

2

ANICO subsequently filed a motion for attorney's fees. ANICO sought the amount that it claimed it incurred in filing its complaint and in obtaining dismissal of Vartan's counterclaims. In support, ANICO invoked the attorney's fee clause in the Trust Certification attachment to the insurance policy application, which certified Sogomon's life insurance policy trust as the beneficiary on the policy. That paragraph provides:

> Each of the undersigned, jointly and severally, individually, and as trustee, indemnifies the Company and agrees to hold the Company harmless against all obligations, demands, losses or liabilities (including attorney's fees) that the Company incurred, suffered, or paid or may incur, suffer or pay in the future because of the Company's reliance on this Certification and/or transactions or actions by the undersigned. By indemnifying the Company, each of the undersigned, jointly and severally, individually, and as trustee, indemnifies the Company's agents, officers and employees. This indemnification shall survive termination of this document or the life insurance policy.

The district court denied ANICO's motion.

In California, "[a] contract must be so interpreted as to give effect to the mutual intention of the parties as it existed at the time of contracting." Cal. Civ. Code § 1636. When a court is interpreting the words of a contract, "words . . . are to be understood in their ordinary and popular sense, rather than according to their strict legal meaning." Cal. Civ. Code § 1644.

The fee clause states that "the undersigned"—Vartan—will "indemnif[y]" ANICO for "attorney's fees . . . that [ANICO] incurred . . . because of [ANICO's] reliance on th[e] [Trust] Certification and/or transactions or actions by [Vartan]."

3

ANICO argues that Vartan's "actions" forced ANICO to incur fees. First, Vartan attested that the answers on the application about Sogomon's health history were true when they were not, causing ANICO to later need to seek rescission and incur fees as a result. Second, when ANICO sued for rescission, Vartan brought counterclaims, thus leading ANICO to incur fees to defend against those counterclaims. ANICO argues that because each of those "actions" caused it to incur fees, it is entitled to fees under the plain meaning of the fee clause in the Trust Certification.

We are not persuaded by ANICO's argument, which depends on reading "actions" more broadly than makes sense in the context of the contractual language here. Read in context, it is clear that the fee clause in the Trust Certification reflects the parties' intention that ANICO would be indemnified not for fees incurred as a result of *any* action by Vartan or even any action by Vartan involving the life insurance policy, but for fees incurred as a result of actions by Vartan involving the *Trust Certification*. Importantly, the fee clause exists solely in the Trust Certification—a document that was completed only because a trust was being named as owner or beneficiary of the life insurance policy. If the parties intended there to be fee shifting for litigation related to the life insurance policy as a whole, one would expect the life insurance policy itself to contain a fee-shifting clause, but it does not. In addition, the fee clause in the Trust Certification is

4

surrounded by a list of "Declarations and Certifications" that relate to the trust as owner and beneficiary of the life insurance policy. That suggests that the fee clause is concerned with actions specifically related to the Trust Certification, not the life insurance policy more generally. And to the extent there is any ambiguity about what the parties intended the fee clause to mean, we must construe it against ANICO, which drafted the contract. *See Linton v. Contra Costa*, 31 Cal. App. 5th 628, 636 (2019) (holding that when a contract remains ambiguous after considering both its plain meaning and the objectively reasonable expectations of the parties, courts must construe the language "most strongly against the party who caused the uncertainty to exist" (quoting Cal. Civ. Code § 1654)).

The best reading, therefore, is that ANICO is entitled to fees incurred because of actions by Vartan related to the Trust Certification. Because the fees ANICO incurred were the result of actions related not to the Trust Certification but to the life insurance policy, ANICO cannot rely on the fee clause to obtain fees here.

**AFFIRMED.**

*American National Insurance Company v. Vartan Akopyan*, No. 22-55208
BENNETT, Circuit Judge, dissenting:

The contract here is not ambiguous, and Plaintiff-Appellant American National Insurance Company ("ANICO") is entitled to the reasonable attorneys' fees it incurred because of Vartan Akopyan's ("Vartan") actions: applying for the life insurance policy with his father, Sogomon; filing a claim for a payout from the policy; and asserting counterclaims against ANICO for breach of contract. Thus, I respectfully dissent.

The attorneys' fees clause states that "the undersigned"—Vartan—will "indemnif[y]" ANICO for "attorney's fees . . . that [ANICO] incurred . . . because of [ANICO's] reliance on th[e] [Trust] Certification and/or transactions or actions by [Vartan]." The majority characterizes ANICO's argument on appeal as claiming that "ANICO would be indemnified . . . for fees incurred as a result of *any* action by Vartan." Finding this interpretation of the contract to be "more broad[] than makes sense in the context of the contractual language," the majority concludes that the clause covers only "fees incurred as a result of actions by Vartan involving the *Trust Certification*."

First, the contractual interpretation that the majority rejects is not ANICO's argument. ANICO does not claim that the provision would entitle it to fees for actions by Vartan that are unrelated to the life insurance policy. Even then, "in construing a contract[, our] function is not merely to import *all of the possible*

*definitions* or even the broadest definition." *Mirpad, LLC v. Cal. Ins. Guar. Ass'n.*, 132 Cal. App. 4th 1058, 1069 (2005) (emphasis added). Instead, we must "glean the meaning of the words from the context and usage of the words in the contract itself." *Id.* And we must "not strain to create an ambiguity where none exists." *Waller v. Truck Ins. Exch., Inc.*, 900 P.2d 619, 627 (Cal. 1995), *as modified on denial of reh'g* (Oct. 26, 1995). In context, the fee clause neither extends to "*any action by Vartan*" nor is it limited to "actions . . . involving the Trust Certification."

Unlike the majority, I start with the text of the contract. The clause explicitly requires Vartan to indemnify ANICO for attorneys' fees it incurred because of its reliance on the Trust Certification, and the clause separately requires Vartan to indemnify ANICO for attorneys' fees it incurred because of "transactions or actions" by Vartan. If the second obligation were limited to transactions and actions involving the Trust Certification, as the majority posits, the relevant provision would necessarily have read as follows: "because of the Company's reliance on this Certification and/or transactions or actions by the undersigned that *specifically relate*[] *to the Trust Certification*." However, a "Judge is simply to ascertain and declare what is in terms or in substance contained therein, *not to insert what has been omitted*." Cal. Civ. Proc. Code § 1858 (emphasis added). *See also Rosen v. State Farm Gen. Ins. Co.*, 70 P.3d 351, 356 (Cal. 2003) ("[W]e do

2

not rewrite any provision of any contract, including [an insurance policy], for any purpose.").

In addition, the majority's interpretation renders part of the attorneys' fees clause itself surplusage. We must "favor an interpretation that gives meaning to each word in a contract over an interpretation that makes part of the writing redundant." *Yahoo Inc. v. Nat'l Union Fire Ins. Co.*, 519 P.3d 992, 999 (Cal. 2022). The fee clause already states that Vartan will "indemnif[y]" ANICO for "attorney's fees . . . that [ANICO] incurred . . . because of [ANICO's] reliance on th[e] [Trust] Certification." Other provisions of the Trust Certification already ensure that the information in the Certification is "accurate and complete" (¶ 1); the named Trust is "currently in effect" (¶ 2); beneficial interest under the Trust will be limited to a certain class of people (¶ 3); and that the Trustees will inform ANICO "immediately in writing" of changes or amendments to the Trust (¶ 8). Paragraph 4 even states that ANICO is "relying exclusively on the representations in this Certification." Therefore, other provisions of the Trust Certification already list transactions or actions "specifically related to the Trust Certification," and the first condition in the attorneys' fees clause already covers ANICO's reliance on them.

As to the supposed absurdity of extending the provision to "any action" by Vartan (such as Vartan vandalizing ANICO's corporate headquarters), this

3

possibility was already foreclosed by the Trust Certification being signed in consideration for—and as part of a package with—the life insurance policy. *Cf. Mountain Air Enters., LLC v. Sundowner Towers, LLC*, 398 P.3d 556, 566 (Cal. 2017) (holding that courts can "construe together several documents concerning the same subject and made as part of the same transaction even [when] the documents were not executed contemporaneously and do not refer to each other") (cleaned up). Absent the insurance policy, there would not have been any Trust Certification. Therefore, "transactions or actions" are neither limited to those involving only the Trust Certification (because that is not what the provision says), nor can they be extended to acts of vandalism or other actions or transactions unrelated to the life insurance policy.

And, of course, ANICO is *not* making a claim based on "*any* action by Vartan"; ANICO is arguing—and the undisputed record demonstrates—that it incurred attorneys' fees because of actions taken by Vartan related to the life insurance policy. Vartan applied for the $1 million life insurance policy with his father, Sogomon. As the policy's owner, he attested that "all of the answers in all pages of this application and any supplements to it are full, complete and true" even though he knew that Sogomon had misrepresented his health history.[1] Three

---

[1] For example, the Application asked if Sogomon had ever "had a heart attack, heart murmur, chest pains, irregular heartbeat, stroke, high blood pressure, anemia or any disease or abnormality of the heart, blood or blood vessels." Sogomon

4

days after Sogomon's death, Vartan made a claim for benefits under the policy. After ANICO denied the claim and returned the policy premiums, it sued the Trustee (Vartan) as the policy's owner seeking rescission and declaratory relief. In response, Vartan counterclaimed alleging breach of contract, breach of the duty of good faith and fair dealing, and unfair business practices under California's unfair competition law.[2] ANICO had to defend against these claims until it was awarded summary judgment.

Interpreting the attorneys' fees clause as applying to the entire life insurance policy is consistent with its placement in the Trust Certification. The "whole of a contract is to be taken together, so as to give effect to every part, if reasonably practicable, each clause helping to interpret the other." Cal. Civil Code § 1641. The majority states that the clause's placement in the Trust Certification and its surrounding clauses "*suggests* that the fee clause is concerned with actions specifically related to the Trust Certification, not the life insurance policy more generally." First, of course, that supposed suggestion is inconsistent with the text

---

answered "No." Vartan certified that this answer was "full, complete, and true." However, Vartan had taken Sogomon to the doctor the date he was diagnosed with an Abdominal Aortic Aneurysm ("AAA"), and was aware of his diagnosis as well as a later surgery for the treatment of his AAA.

[2]     Vartan sought more than nine hundred thousand dollars in compensatory damages, attorneys' fees himself, punitive damages, pre-judgment interest, costs, and other relief.

of the clause. But moving past that, the Trust Certification refers to obligations and rights that the Trust has *as a result of being the policy's owner*. The provision preceding the fee clause states:

> I/We are duly authorized to act as trustee(s) under the terms of the trust provisions and/or applicable law. I/We have the *power to exercise all rights associated with ownership of a life insurance policy*, including, but not limited to, purchase, surrender, selection of and transfers between variable funding options, withdrawal of funds, taking a loan or other encumberment and assignment of the policy.

This provision lists several transactions or actions that the Trustee (Vartan) certifies he is authorized to take as the owner of the life insurance policy. The attorneys' fees clause, just after, holds the Trustee (Vartan) responsible for any attorneys' fees that ANICO may incur *because of* those (and other) life insurance policy transactions or actions. And, of course, Vartan is not "simply" the Trustee (not that it would matter if he were); he is the beneficiary of the $1 million life insurance policy.

ANICO is entitled to attorneys' fees it incurred because of Vartan's transactions and actions. Accordingly, I would reverse.

6